IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:16-cr-00065 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| LEAH DAWN BUMGARNER ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Leah Dawn Bumgarner's *pro se* motion for early termination of supervised release. (Dkt. No. 108.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Bumgarner's motion. The court will grant Bumgarner's motion.[1]

I.  BACKGROUND

On August 14, 2017, Bumgarner pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine (Count 1). (Dkt. No. 63.) She was sentenced to 80 months' imprisonment followed by four years' supervised release. (Dkt. No. 99.)

Ms. Bumgarner began her term of supervision on April 26, 2022.

On February 21, 2024, Bumgarner filed a *pro se* motion for early termination of her remaining supervised release term. Bumgarner has not violated the terms of her supervised release, has maintained full-time employment, has had stable housing for herself and her children, and is supporting her family. All fines and fees related to her underlying offense conduct have been paid in full. Finally, Ms. Bumgarner's most recent risk assessment scores her

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

in the Low-Moderate category which is the second lowest for predicted arrest of revocation within the next six months.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Bumgarner's offense was serious, she has now served her sentence and the half-way point of her supervised release term would be October 2024; however, given her progress and motivation to change her life, the court finds a release earlier than the half-way point

2

appropriate.

The court finds that there is no longer a need to protect the public or to deter Bumgarner from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Bumgarner's motion for early termination of her supervised release.

### III.  CONCLUSION

For the foregoing reasons, Bumgarner's motion for early termination of supervised release (Dkt. No. 108) will be granted.  The court will issue an appropriate order.

Entered: February 26, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge